IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIVERSIFIED MERCURY COMMUNICATIONS, LLC, et al.[1]<br><br>　　　　　　　　　　Debtors.<br><br><br>GEORGE L. MILLER, solely in his capacity as chapter 7 trustee of Diversified Mercury Communications, LLC and DTR Advertising, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECT RESULTS RADIO, INC.,<br><br>　　　　　　　　　　Defendant. | Chapter 7<br><br>Case No. 19-10757 (KBO)<br><br>Jointly Administered<br><br><br>Adv. Proc. No. 21-50249 (KBO) |

**DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502**

Defendant Direct Results Radio, Inc. ("Defendant"), by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's above-captioned complaint (the "Complaint") as follows:

　　　　1.　　There are no substantive factual allegations for Defendant to address in paragraph 1 of the Complaint.

---

[1] The Debtors in these cases are: (i) Diversified Mercury Communications, LLC a/k/a Mercury Media and (ii) DTR Advertising, Inc.

2. There are no substantive factual allegations for Defendant to address in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. There are no substantive factual allegations for Defendant to address in paragraph 6 of the Complaint.

7. There are no substantive factual allegations for Defendant to address in paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 8 of the Complaint and, thus, generally and specifically denies the allegations.

9. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 9 of the Complaint, and thus, generally and specifically denies those allegations.

10. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 10 of the Complaint, and thus, generally and specifically denies those allegations.

11. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 11 of the Complaint, and thus, generally and specifically denies those allegations.

12. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 12 of the Complaint, and thus, generally and specifically denies those allegations.

DOCS_LA:338736.1 68700/070

13. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 13 of the Complaint, and thus, generally and specifically denies those allegations.

14. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 14 of the Complaint, and thus, generally and specifically denies those allegations.

15. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 15 of the Complaint, and thus, generally and specifically denies those allegations.

16. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 16 of the Complaint, and thus, generally and specifically denies those allegations.

17. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 17 of the Complaint, and thus, generally and specifically denies those allegations.

18. Defendant admits the allegations contained in paragraph 18 of the complaint.

19. Defendant admits the allegations contained in paragraph 18 of the complaint.

20. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 20 of the Complaint, and thus, generally and specifically denies those allegations.

21. Defendant admits that it received the payment in the amount referenced in paragraph 21 of the Complaint, but otherwise denies the allegations therein.

22. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 22 of the Complaint, and thus, generally and specifically denies those allegations.

23. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 23 of the Complaint, and thus, generally and specifically denies those allegations.

24. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 24 of the Complaint, and thus, generally and specifically denies those allegations.

25. Defendant generally and specifically denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 26 of the Complaint, and thus, generally and specifically denies those allegations.

27. There are no substantive factual allegations for Defendant to address in paragraph 27 of the Complaint.

28. There are no substantive factual allegations for Defendant to address in paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint.

30. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 30 of the Complaint, and thus, generally and specifically denies those allegations.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 34 of the Complaint, and thus, generally and specifically denies those allegations.

35. Defendant lacks sufficient knowledge as to the allegations contained in paragraph 35 of the Complaint, and thus, generally and specifically denies those allegations.

36. Defendant generally and specifically denies the allegations contained in Paragraph 36 of the Complaint.

37. There are no substantive factual allegations for Defendant to address in paragraph 37 of the Complaint.

38. Defendant generally and specifically denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant generally and specifically denies the allegations contained in Paragraph 39 of the Complaint.

40. There are no substantive factual allegations for Defendant to address in paragraph 40 of the Complaint.

41. Defendant generally and specifically denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant generally and specifically denies the allegations contained in Paragraph 43 of the Complaint.

44. There are no substantive factual allegations for Defendant to address in paragraph 44 of the Complaint.

45. Defendant generally and specifically denies the allegations contained in Paragraph 45 of the Complaint.

DOCS_LA:338736.1 68700/070

46. Defendant generally and specifically denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant generally and specifically denies the allegations contained in Paragraph 47 of the Complaint.

48. There are no substantive factual allegations for Defendant to address in paragraph 48 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, including each of the claims and counts therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff is precluded from any recovery under the Complaint by virtue of equitable doctrines, including but not limited to estoppel, waiver and unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments by the Debtor to Defendant were made in the ordinary course of business, and are excepted from avoidance under Bankruptcy Code section 547(c)(2)(A) or (B).

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred from any recovery sought in the Complaint on the ground that any and all payments made by the Debtor to Defendant, either directly or indirectly, were intended as a contemporaneous exchange, and are excused from avoidance under Bankruptcy Code section 547(c)(1).

DOCS_LA:338736.1 68700/070

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff is barred from any recovery sought in the Complaint on the ground that, following any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided new value to or for the benefit of the Debtor, as provided under Bankruptcy Code section 547(c)(4).

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff is barred from any recovery sought in the Complaint on the ground that, for any and all payments made by the Debtor to Defendant, either directly or indirectly, Defendant provided value to or for the benefit of the Debtor, and transacted therefor in good faith, as provided in Bankruptcy Code sections 544, 548 and 550.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff is barred from any recovery sought in the Complaint on the ground that Defendant was a mere conduit for the amounts paid by the Debtor, which were clearly intended and earmarked for third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff is barred from any recovery sought in the Complaint on the ground that such recovery is barred by the statute of limitations.

**RELIEF REQUESTED**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice in its entirety;

3. For costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2021  PACHULSKI STANG ZIEHL & JONES LLP
Wilmington, Delaware

*/s/ Mary F. Caloway*
Mary F. Caloway (DE Bar No. 3059)
Andrew W. Caine (CA Bar No. 110345)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-4100
Fax: 302-652-4400
Email: mcaloway@pszjlaw.com
acaine@pszjlaw.com

*Counsel for Defendant*

**<u>Certificate of Service</u>**

I, Mary F. Caloway, certify that on the 12th day of July, 2021, I caused the foregoing

*Answer to Complaint* to be served on the following via electronic mail:

David W. Carickhoff
dcarickhoff@archerlaw.com

Bryan J. Hall
bjhall@archerlaw.com

>*/s/ Mary F. Caloway (No. 3059)*
>Mary F. Caloway

DOCS_LA:338736.1 68700/070