# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIVERSIFIED MERCURY COMMUNICATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-10757-KBO<br>(Jointly Administered) |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee of Diversified Mercury Communications, LLC and DTR Advertising, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT RESULTS RADIO INC.,<br><br>Defendant. | Adv. Pro. No. 21-50249-KBO |

## ORDER ASSIGNING ADVERSARY PROCEEDING TO MEDIATION

This Court having considered the *Certification of Counsel Regarding Order Assigning Adversary Proceeding to Mediation*; and the Court having determined that good and adequate cause exists for granting the relief set forth in this Order; and the Court having determined that no further notice need be given; it is hereby ORDERED that:

1.     Pursuant to this Court's Local Rule 9019-5, the above-captioned adversary proceeding is hereby assigned to mediation.

2.     Connor Bifferato, Esq., is appointed as the Mediator.

---

[1] The Debtors in these cases are: (i) Diversified Mercury Communications, LLC a/k/a Mercury Media and (ii) DTR Advertising, Inc.

3. The fees and costs of the Mediator incurred in mediating this adversary proceeding shall by paid by the bankruptcy estate.

4. The parties shall furnish the Mediator with copies of such documents and such confidential statements of position as the Mediator may request.

5. The mediation shall be conducted in accordance with the Local Rules of the United States Bankruptcy Court of the District of Delaware.

6. Pursuant to Local Rule 9019-5(c)(iii)(A), the parties and their respective counsel shall attend such mediation sessions as the Mediator shall deem appropriate and necessary at such times and places and in such manner as the Mediator shall determine.

7. No later than (14) fourteen days following the conclusion of the mediation or sixty (60) days after the entry of this Order, whichever is earlier, the Mediator shall file with this Court and serve on the parties the Mediator's certificate of completion or the mediation status report. The information provided by the Mediator shall not contain any information concerning the merits of the case or confidential communications made during the mediation process.

8. Pending the outcome of the mediation, or as otherwise ordered by the Court, all discovery and other dates and deadlines in this adversary proceeding are adjourned. Nothing contained in this Order shall preclude the parties from voluntarily sharing information between them or with the Mediator.

9. If this adversary proceeding is not resolved through mediation, following the conclusion of mediation, counsel for the Trustee shall submit an agreed form of scheduling order or shall contact the Court to request the scheduling of a status conference.

10. Within two (2) business days after the date of entry of this Order, counsel for the Trustee shall serve a copy of this Order (including by email) on counsel for the Defendant and on the Mediator.

11. The Court shall retain jurisdiction with respect to all matters relating to the interpretation, implementation, and enforcement of this Order.

**Dated: August 23rd, 2021**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**